UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HILLA,

    Plaintiff,

v.                                           Case No. 10-14881

KEYSTONE SHIPPING CO., et al.,

    Defendants,
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

Before the court is Defendant's motion to set aside an entry of default. Plaintiff James Hilla commenced the above-captioned case by filing a complaint in this court on December 8, 2010. Defendants Keystone Shipping Company, Key Lakes, Inc., and Key Lakes, I, Inc., were served on December 13, 2010, by certified mail to Defendants' registered agent. After Defendants failed to answer or otherwise defend, the Clerk of the Court entered default against Defendants on January 5, 2011. Judgment has not been entered. On January 7, 2011, Defendants filed the instant motion to set aside the default entry, asserting that Defendants had reasonably believed that service was effected at a later date. In support of this assertion, Defendants aver that the employee who received service on December 13, 2010, left the employment of Defendants on that same day. Plaintiff filed a response on January 19, 2011, in which he does not oppose Defendants' motion. For the reasons discussed below, the court will grant Defendants' motion.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  When evaluating a motion to set aside a default, the court should consider three factors:

(1) whether the default was the result of the defendant's willful or culpable conduct;

(2) whether the plaintiff would be prejudiced by setting aside the default; and

(3) whether the defendant presented any meritorious defenses following the default.

See *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989). "[T]he district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry."  *O.J. Distrib.*, 340 F.3d at 353 (internal quotation marks and citations omitted).  The Sixth Circuit has further stated:

> Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . .  Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*United Coin*, 705 F.2d at 846 (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)) (internal citations omitted).

In the instant motion, Defendants assert that no prejudice will be incurred by granting the motion.  As Plaintiff does not oppose the motion, the court is persuaded that Plaintiff will not be prejudiced by granting the motion and need delve no deeper into this issue.  Additionally, the reasons presented for the motion indicate that Defendants' failure to answer was not willful avoidance of the action; rather, Defendants state that

2

service coincided with the departure of the employee who ordinarily received service of process.  Return of service was not filed with the court until December 28, 2010, prior to which point, nothing on the record indicated the date of service.  Defendants have shown good cause why the entry of default should be set aside.  Accordingly,

IT IS ORDERED that Defendants' motion to set aside default [Dkt. # 9] is GRANTED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2011, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522